SANTELLA QUAGLIERI *vs.* SALVATORE VENDITTI ET AL.

NOVEMBER 13, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Baker, Vincent, and Stearns, JJ.

(*1*)  *Writs. Constables. District Courts. Increase of Ad Damnum.*
Where an action was commenced in a district court, with an *ad damnum*
  of one hundred dollars, service on defendant being made by a constable,
  the district court may properly permit an increase of the *ad damnum*,
  within its jurisdictional amount.

ASSUMPSIT.  Heard on exceptions of defendants and overruled.

VINCENT, J.  This is an action brought by the plaintiff against the defendant Salvatore Venditti and his wife, Gelsomina Venditti, to recover a certain sum of money which the plaintiff claims was loaned by her to both defendants.  The suit was commenced in the District Court of the Sixth Judicial District by writ of summons dated March 11, 1915, the *ad damnum* in the writ being one hundred dollars.  Service of the writ was made upon the defendants by a constable.  The writ was returnable on March 29, 1915.  After various continuances the *ad damnum* was raised to three hundred dollars on October 29, 1915, and on the same day a decision was rendered for the plaintiff against both defendants in the sum of one hundred and fifty dollars.  The defendants claimed

a jury trial. The case was tried to a jury in the Superior Court and a verdict was rendered for the plaintiff in the sum of one hundred and eighty-six dollars. The motion of the defendants for a new trial was heard and denied. The case is now before us upon the defendants' bill of exceptions.

The principal exception, and in fact the only exception argued by the defendants in their brief, raises the question as to whether an *ad damnum* of one hundred dollars in a district court writ, served by a constable, can be afterwards raised to three hundred dollars in view of the provisions of Section 7, Chapter 299, General Laws of 1909. The section of the statute referred to provides that " writs and executions issued by a district court . . . in actions wherein the debt or damages demanded exceed one hundred dollars, shall be directed to the sheriff or his deputies in the county in which such action shall be brought, and service thereof shall be made by such sheriff or his deputies."

The Superior Court ruled that it was competent for the district court to allow an increase of the *ad damnum* to any sum not exceeding five hundred dollars, the limit of its jurisdiction.

The defendants claim that such ruling was erroneous and would enable a plaintiff to evade the statute by placing the *ad damnum* in his writ at one hundred dollars, getting service thereof by a constable and later raising it to an amount sufficient to cover a larger claim, and in support of their contention they cite *Edwards* v. *Hopkins,* 5 R. I. 138. That case was before the Court of Common Pleas in 1858 when the original jurisdiction over all claims under fifty dollars was vested exclusively in justices of the peace. The evidence showed that the value of the claim was less than fifty dollars. The defendant moved to dismiss the action on the ground that the Court of Common Pleas had no original jurisdiction of the cause of action. The motion was denied and the jury

returned a verdict for $25.90. On exception the Supreme Court said that while the Court of Common Pleas might properly have dismissed the case it was a matter in the discretion of that court and could not be reviewed.

We do not see the value of that case as an authority upon the question now before us for consideration. In the case at bar it is not disputed that the service of the writ was a good and valid service, when it was made, and complied with all the requirements of the statute. Ordinarily the power of the court to grant, in its discretion, and within the limits of its jurisdiction, an increase of the *ad damnum* in the writ is not disputed.

Now under the conditions of this case should the Superior Court have treated the increase of *ad damnum* by the District Court as a nullity and limited the recovery of the plaintiff to one hundred dollars? We think not. Such a construction of the statute referred to would seem to be unwarranted and likely to impose an unnecessary hardship upon a party plaintiff who might, in the first instance, inadvertently or erroneously mistake the amount of his claim.

It may be argued, as the defendants suggest, that a plaintiff might be enabled in such a case to evade the provision of the statute, but we do not see much force in such an argument. There would be very little inducement for a plaintiff to intentionally place his *ad damnum* below the amount of his claim and then go to the trouble, and possibly incur expense, of obtaining an increase at some later period; besides the matter of increasing the *ad damnum* is within the discretion of the court before whom the application is made and if it should appear that the plaintiff had not been acting in good faith the court would not be obliged to grant his motion.

The defendants' exceptions relating to the denial of their motions for a nonsuit and for a new trial involve the same questions which we have already discussed. Although they do not appear to be relied upon by the

defendants we have examined the several exceptions taken to the rulings of the trial court upon the admission of testimony and find no error therein.

The defendants' exceptions are all overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff on the verdict.

*Pettine & DePasquale,* for plaintiff.
*Frank J. Rivelli,* for defendant.